[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff (wife) seeks a dissolution of marriage, custody, support, alimony and an equitable division of the marital assets. After trial, with both parties present and represented by counsel, the Court makes the following findings and orders:
The parties were married at Hartford, Connecticut on November 21, 1975, and have resided continuously within Connecticut for longer than one year next preceding the commencement of this action. CT Page 297
There are two minor children issue of the marriage, Rebecca Johnson, born November 16, 1979; and Jason Robert Johnson, born February 24, 1978. No governmental agency is contributing to the support of the parties or said children.
The marriage between the parties has broken down irretrievably and there is no reasonable prospect of reconciliation. Accordingly, a decree of dissolution may enter on the grounds of irretrievable breakdown.
In determining the requests of the parties and the distribution of assets, the Court considers the evidence, financial affidavits and the provisions of Sections 46b-81
and 46b-82 of the Connecticut General Statutes.
The cause of the breakdown of this marriage was the wife's building resentment against the husband to the point where his mere presence irritated her. The wife resented the time he gave to sports activities — he played softball on his company's team two evenings a week during the season. As the children became older he coached children's sports, and he also watched sports events on television. She resented the times he went to retirement parties and similar work-related functions. The plaintiff conceded that the husband was not a womanizer, or heavy drinker. He holds an executive position in a corporation and provided well for the family. The defendant testified that he was stunned when the plaintiff told him she no longer loved him and wanted a divorce. By that time the plaintiff, who had recently returned to a part-time job in the local school system, had met a man with whom she was to become increasingly friendly and who now spends considerable time at her home. While the plaintiff no longer has any love or affection for the defendant, the Court cannot ascribe the major cause of the breakdown to him.
CUSTODY: The plaintiff and defendant shall have joint custody of the minor children. The children shall reside primarily with the Wife. The Husband shall have reasonable rights of visitation which shall include alternating weekends from Friday evening until Sunday evening, and one evening during the week. Visitation shall be split between the parties on both December 24 and December 25 of each year.
On all matters of importance relating to the children's health and education, the Wife shall confer with the Husband with a view to adopting and following a harmonious policy. Both Husband and Wife shall have access to all school and medical records of the children.
The Wife shall promptly notify the Husband in the event CT Page 298 of the illness of the children. The word "illness" as herein used shall mean any illness which confines the children to bed for more than one day. Husband and Wife shall confer with each other regarding any medical and/or dental treatment for the children of a non-emergency nature.
Any relinquishment of the custody and/or principal place of residence of the children by the Husband to the Wife, as in this clause provided shall not be construed to operate as the Husband's consent to the adoption of any child by any other person, nor shall such relinquishment confer upon the Wife any authority, in case of her death, to appoint a guardian for the children to the exclusion of the Husband.
CHILD SUPPORT:
The Husband shall pay $200.00 per week per child or a total of $400.00 per week. Said support order to be secured by a contingent wage garnishment.
MEDICAL AND DENTAL INSURANCE:
The Husband shall maintain such medical and dental insurance as may be available through his employer for the benefit of the minor children for as long as they remain eligible dependents. The parties shall share equally the cost of any unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychological or psychiatric expenses for said children. The provisions of 46(b)-84c of the Conn. Gen. Statute shall apply.
If medical/dental insurance becomes available to the Wife through her employer, she shall also provide such insurance for the benefit of the children.
The Husband shall provide such medical/dental/health insurance for the Wife as may be available through his employer for as long as he is legally able to do so. The Wife shall be responsible for payment of any costs in connection with providing such insurance.
ALIMONY:
The Husband shall pay alimony to the Wife of $100.00 per week for 260 weeks. If the Wife should die or remarry before said period of 260 weeks, the Husband's obligation for alimony shall cease. Said alimony shall be non-modifiable upward as to amount and non-modifiable as to duration. Payments of alimony as set forth herein shall be made on a weekly basis. (It is noted that the Wife is presently CT Page 299 employed as the office manager of a small insurance agency and on a part-time basis. She has one year of post high school education and secretarial skills. The Court finds she has an earning capacity greater than the $8.00 per hour she presently earns on a part-time basis).
LIFE INSURANCE:
The Husband shall maintain life insurance in the face amount of at least $100,000.00 naming the children as irrevocable beneficiaries until the youngest child shall attain the age of 18 years.
The parties own jointly a residence located at 43 Hillside Drive, Ellington Connecticut. The Wife and children are presently living there. The Husband shall transfer to the Wife by quit-claim deed all of his right, title and interest in and to said property. The Wife shall hold the defendant harmless from the first and second mortgages on said property.
Simultaneously with the transfer of said interest by the Husband, the Wife shall execute a promissory note in favor of the Husband in the amount of $30,000 secured by a third mortgage on the said property. Said note to contain the following terms and conditions:
 1. Simple interest shall accrue on the unpaid principal balance at the rate of six (6%) percent per annum.
 2. Standard language regarding attorney's fees and costs of collection in case of default.
 3. Said note, with accrued interest, shall be payable upon the occurrence of the earliest to happen of the following events:
A. The sale of the property,
B. Death of the wife,
C. Remarriage of the wife,
 D. The youngest child of the marriage reaching the age of eighteen (18) years,
 E. Failure of the wife to use said premises as her principal place of residence.
4. There shall be no prepayment penalty and said note CT Page 300 shall be payable even if the premises are foreclosed.
PROFIT SHARING:
The Husband has a profit sharing account with his employer with a value of $86,386.00. This marital asset shall be distributed as follows:
The Husband shall execute any documents necessary to presently transfer thirty (30%) percent of said account to the Wife pursuant to a Qualified Domestic Relations Order.
AUTOMOBILE:
The Husband shall transfer to the Wife any interest he may have in a 1986 Ford Thunderbird, and the Wife shall hold the Husband harmless for any obligation for said automobile.
SAVINGS PLAN:
The Husband shall retain his 401 K savings plan.
DEBTS:
The Wife shall be responsible for and hold the Husband harmless on the following liabilities: Northeast School Credit Union, Gottier Fuel and the Apple Computer which has been retained by the Wife in the family home. The Husband shall be responsible for and hold the Wife harmless for any other debts as listed on his financial affidavit.
TAXES:
Any refund for income taxes for the year 1990 shall be split equally by the Husband and Wife.
OTHER:
Each party shall be responsible for his or her Counsel fees. Any personal property shall be the property of the party in present possession of it.
KLACZAK, J.